**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GONZALES, | ) | 1:07-cv-01391-AWI-SMS (PC) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| PRICE, et al., | ) | (Doc. 1) |
| Defendants. | ) | |

**I.     SCREENING ORDER**

Plaintiff, Michael Gonzales, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on September 21, 2007. (Doc. 1.)

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently housed at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California – where the acts he complains of occurred. Plaintiff names Price, K. Frescura, B.S. Vikjord, M. Castro, Warden Darrel Adams, R. Pinzon, E. Castro, J. Munoz, and Kelley as Defendants in this action. Plaintiff seeks injunctive relief and monetary damages.

Plaintiff alleges a number of seemingly unrelated acts against most of the Defendants – ranging from retaliating against him, to involuntarily medicating his meals, to stealing his novels and drawings, to refusing to mail his correspondence, and not allowing him to use the showers. Plaintiff does not specify which of his rights he feels were violated. Rather, he uses various words (i.e. retaliate, engaged in concerted actions, without due process, stolen) throughout his presentation of events that imply that he is alleging a variety of claims. Plaintiff states some cognizable claims and may be able to amend to correct the deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given the applicable standards based on the nomenclature utilized in his allegations and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v.*

*Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949; *see also Moss v. U.S. Secret Service*, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009) *ref Iqbal,* 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556-557.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions Thomas, Vanzant, and Cortez variously throughout the Complaint. If Plaintiff intends to pursue allegations against these individuals, he must appropriately identify them as defendants in this action. Further, generic identifiers such as "Defendants," "Officers," and "staff" are insufficient to adequately link a specific defendant to any charging allegations. Plaintiff must clearly state which Defendant(s) he feels are responsible for any violation(s) of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

It appears that a number of Plaintiff's claims are not related such that the Complaint violates Rule 18(a). Plaintiff's allegations against prison staff by the names of Vanzant, Rodriguez, and Thomas (none of whom are named as defendants in this action) and against named Defendants J. Munoz and E. Castro appear to be wholly unrelated to Plaintiff's claims

4

against named Defendants Price, Vikjord, M. Castro, R. Pinzon, K. Frescura, and Warden Adams.  Thus, the Court only addresses Plaintiff's allegations against named Defendants Price, Vikjord, M. Castro, R. Pinzon, K. Frescura, and Warden Adams in this screening order.  If Plaintiff believes his allegations involving Vanzant, Rodriguez, and Thomas and Defendants J. Munoz and E. Castro are related to his allegations against Defendants Price, Vikjord, M. Castro, R. Pinzon, K. Frescura, and Warden Adams, and if Plaintiff chooses to amend his pleading, he must specifically show any such relationship in a first amended complaint.  Plaintiff is advised that claims are not related simply because he alleges the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants.  Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.  Plaintiff is advised that if he chooses to file a first amended complaint he must comply with Rule 18(a).  Any unrelated claims will be stricken.

### D. Claims for Relief

#### 1. Stolen Novels, Drawings, & Letters

Plaintiff alleges that Price, B.S. Vikjord, M. Castro, R. Pinzon, K. Frescura, and Kelley stole his correspondence, novels, drawings, and manuscripts.

To the extent that Plaintiff is alleging a claim for the theft of his personal property, the Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

"An unauthorized intentional deprivation of property by a state employee does not

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Further, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

At most, Plaintiff's allegations that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, K. Frescura, and Kelley stole his personal property amount to an unauthorized intentional deprivation for which the state provides a meaningful postdeprivation remedy. Plaintiff fails to state allegations to show compliance with the California Tort Claims Act. Thus, Plaintiff fails to state a cognizable claim against Price, B.S. Vikjord, M. Castro, R. Pinzon, K. Frescura, and Kelley for violation of his rights under the Due Process Clause for stealing his correspondence, novels, drawings, and manuscripts.

### 2. Mail

Plaintiff alleges that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, and K.

6

Frescura refuse to mail his correspondence and art.[1] Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) *citing Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Thus, Plaintiff's allegations that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, and K. Frescura refuse to mail his correspondence and art state a cognizable claim against these Defendants for violating his rights to send and receive mail under the First Amendment.

### 3. Threats/Harassment

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Thus, Plaintiff's allegations that Defendant Castro called him a rat for filing lawsuits and that Defendant Vikjord called his cell a rat hole full of legal work and threatens not to give him anything do not state cognizable claims.[2]

### 4. Involuntary Medication

Plaintiff alleges that Defendants Kelly, M. Castro, B. Vikjord, Price, and K. Frescura medicated his meals, without his consent, in violation of his rights to due process and without providing a "Keyhea" hearing. (Doc. 1, Compl., pg. 12, ¶ 15.) "[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper* 494 U.S. 210, 227-29 (1990). Plaintiff's allegations that Defendants Kelly, M. Castro, B. Vikjord, Price, and K. Frescura medicated his meals without providing a "Keyhea" hearing and that the drugs cause serious injury and illness, do not rise to the level of cognizable claims under the

---

[1] Plaintiff alleges that K. Frescura mails his letters and documents to the Courts, but does not mail any other documents and/or art work that Plaintiff gives him.

[2] Plaintiff does not make any allegations that such remarks were intended to place Plaintiff in peril, or as anything other than derogatory comments based on Plaintiff's litigious proclivities.

7

Due Process Clause.

To the extent that Plaintiff intended these allegations to state a claim for cruel and unusual punishment, Plaintiff is advised that one who makes a claim of cruel and unusual punishment must show that the state has created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (*See Johnson v. Phelan*, 69 F.3d 144, 147 (1995) *citing Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted) *see also Rhodes v. Chapman*, 452 U.S. 337 (1981); *Wilson v. Seiter,* 501 U.S. 294, 289-300 (1991); *Helling v. McKinney*, 509 U.S. 25 (1993). Plaintiff allegations that the drugs were "dangerous" and "cause serious injury and illness" are too general and conclusory to qualify the medication allegedly sprinkled on his meals as creating a risk to Plaintiff or imposing unnecessary and wanton infliction of pain. *Iqbal*, 129 S.Ct. at 1949. Thus, Plaintiff's allegations that Defendants Kelly, M. Castro, B. Vikjord, Price, and K. Frescura medicated his meals without providing a "Keyhea" hearing and that the drugs cause serious injury and illness, do not rise to the level of cognizable claims for cruel and unusual punishment.

### 5. Denial of Showers

Plaintiff alleges that Defendants Price, M. Castro, K. Frescura, and B. Vikjord violated his constitutional rights by denying him access to the showers.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n]

1  [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). With
2  respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal
3  offenders pay for their offenses against society, only those deprivations denying the minimal
4  civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth
5  Amendment violation." *Id.* (quotations and citations omitted). While the Eighth Amendment
6  guarantees sanitation, *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982, including personal
7  hygiene supplies such as soap and toothpaste, *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir.
8  1996), this does not equate to a guarantee that an inmate will be given a daily shower. Further,
9  temporarily unconstitutional conditions of confinement do not rise to the level of constitutional
10 violations. *See Anderson v. County of Kern* 45 F.3d 1310 (9th Cir. 1995) and *Hoptowit v. Ray*
11 682 F.2d 1237 (9th Cir. 1982).

12       Plaintiff alleges being denied showers approximately twenty-five days in a two year
13 period, with apparently no such prohibition being imposed for longer than three days in a row.
14 Such temporary restriction on showers simply does not rise to the level of unconstitutional
15 conditions of confinement. Thus, Plaintiff fails to state cognizable claims against Defendants
16 Price, M. Castro, K. Frescura, and B. Vikjord for violating his constitutional rights by denying
17 him access to the showers.

18       **6. Retaliation**

19       Plaintiff alleges that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, and K.
20 Frescura stole his correspondence, novels, ink drawings, and manuscripts in retaliation for
21 Plaintiff having instigated legal action.

22       Allegations of retaliation against a prisoner's First Amendment rights to speech or to
23 petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532
24 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*
25 *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First
26 Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
27 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
28 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006); *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000); *see also Lewis v. Jacks*, 486 F.3d 1025 (8th Cir. 2007); *see also Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007); *Bennett v. Hendrix*, 423 F.3d 1247, 1250-51 (11th Cir. 2005); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005); *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Plaintiff's allegations that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, and K. Frescura stole his correspondence, novels, ink drawings, and manuscripts in retaliation for Plaintiff having filed lawsuits states cognizable claims for unconstitutional retaliation.

**7. Conspiracy**

Plaintiff alleges that Defendants Price, B.S. Vikjord, M. Castro, R. Pinzon, K. Frescura, and Kelley acted in concert.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (*quoting United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*citation omitted*)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (*quoting Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 *quoting United Steel Workers*, 865 F.2d at 1541.

The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307

1  F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be
2  [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v.*
3  *Twombly*, 127 S.Ct. 1955, 1965 (2007) (*citations omitted*).  A plaintiff must set forth "the
4  grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal
6  quotations and citations omitted).  As such, the bare allegation that Defendants acted in concert
7  to violate Plaintiff's constitutional rights does not suffice to give rise to a cognizable conspiracy
8  claim under section 1983.

### 8. Supervisory Defendant(s)

10  Plaintiff's only allegation against Defendant Warden Adams is that Defendants Price,
11  Vikjord, M. Castro, and Frescura are under his supervision.  (Doc. 1, Compl., p. 5, ¶ 1.)
12  Supervisory personnel are generally not liable under section 1983 for the actions of their
13  employees under a theory of *respondeat superior* and, therefore, when a named defendant holds
14  a supervisory position, the causal link between him and the claimed constitutional violation
15  must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v.*
16  *Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim
17  for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege
18  some facts that would support a claim that supervisory defendants either: personally participated
19  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to
20  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
21  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
22  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*,
23  880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on
24  supervisory personnel for the actions of their employees under a theory of *respondeat superior*.
25  *Iqbal,* 129 S.Ct. at 1949.  "In a §1983 suit or a Bivens action - where masters do not answer for
26  the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.*  Knowledge and
27  acquiescence of a subordinate's misconduct is insufficient to establish liability; each
28  government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 2009 WL 2052985, *5 (*quoting Iqbal*, 126 S.Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff's allegation that Defendants Price, Vikjord, M. Castro, and Frescura violated his rights, and that Warden Adams is somehow liable because they are under his supervision does not state a cognizable claim against Warden Adams.

### 9. Inmate Appeals

Plaintiff appears to grieve the processing, and reviewing of his 602 inmate appeals related to his allegations in the Complaint.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) *citing Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest

requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) *citing Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Hence, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### 10. Injunctive Relief

Plaintiff seeks temporary and permanent injunctive relief against Defendants and other prison personnel from harassing, threatening, retaliating against him, and/or from violating any of Plaintiff's rights. (Doc. 1, Compl., 9:1-6.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008) (citations omitted). Plaintiff's speculation that such harassment, threats, retaliation, and/or violations of his rights might occur in the future does not show a likelihood of future irreparable harm and is insufficient for issuance of preemptive orders.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days

from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic*, 550 U.S. at 555 (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File a first amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **December 2, 2009**               **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE