# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | CASE NO. 1:07-cv-01391-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| PRICE, et al., | (Docs. 17, 18) |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUNCTION |
| | (Doc. 21) |
| | THIRTY-DAY DEADLINE |

## I. Procedural History

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed on September 21, 2007, against Defendants Price, K. Frescura, B. S. Vikjord, M. Castro, and R. Pinzon for retaliation and refusal to mail his correspondence in violation of the First Amendment. (Doc. 1.) Defendants filed a motion to dismiss on June 1, 2010, on the ground that Plaintiff is not entitled to proceed in forma pauperis in this action, as he has three prior strikes. (Doc. 17.) On July 22, 2010, Plaintiff filed a motion for an injunction, claiming he is being denied access to the Court because his mail to the Court is being returned stating the address is incorrect. Plaintiff is mailing his court documents to 1130 O Street, Fifth Floor, Room 500, Fresno,

California,[1] and alleges that correctional officers G. Hernandez, J, Garcia and J. Leal are denying him access to the Court. (Doc. 21.) Plaintiff filed an opposition to Defendant's motion to dismiss on September 22, 2010. (Doc. 27.)

## II.     Motion to Dismiss

### A.     Legal Standard

Defendant argues that Plaintiff is subject to the filing restriction set forth in 28 U.S.C. § 1915(g). This section of the in forma pauperis statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that [they were] frivolous, malicious, or fail[] to state a claim." Andrews v. King, 398 F.3d 1113, 1116 n 5 (9th Cir. 2005). To count as a strike the dismissal must be final prior to the filing of the current action. See Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999).

A defendant challenging the prisoner's in forma pauperis status has the initial burden of producing documentary evidence to allow the court to conclude that the plaintiff has three prior actions that would be strikes under section 1915(g). Andrews, 398 F.3d at 1120.

### B.     Discussion

Defendant requests the Court take judicial notice of exhibits provided of civil cases filed by Plaintiff. (Doc. 18, p1:20-21.) "A court shall take judicial notice if requested by a party and supplied with the necessary information," Fed. R. Evid. 201(d), and may take judicial notice of court records, Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

Plaintiff filed the complaint in this action on September 21, 2007. (Doc. 1.) Plaintiff only

---

[1] Judicial notice is taken that the Court's address is 2500 Tulare Street, Suite 6801, Fresno, California. Fed. R. Evid. 201(b).

had two actions which were final at the time this action was filed: Gonzalez v. Galaza , 1:00-cv-0628-AWI-HGB PC (dismissed 06/18/2001 for failure to state a claim) and Gonzales v. Gadsen, 1:04-cv-5491-OWW-LJO PC (dismissed 12/11/06 for failure to state a claim). (Doc. 18-2, pp. 25-26.) These cases would each constitute a "strike" under 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1116 n 5. Because this action was filed prior to four of the dismissals that would constitute "strikes," Defendant's argument that Plaintiff is precluded from proceeding in forma pauperis in this action is unpersuasive.[2] For this reason, Defendant's motion for dismissal must be denied.

**IV.     Motion for Injunction**

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 374 (2008); Diamontiney v. Borg, 918 F.2d 793, 795 ( 9th Cir. 1990).

Plaintiff's motion for an injunction does not have merit as his court documents are being returned because he is mailing them to the wrong address. Since Plaintiff will not succeed on the merits, the motion for an injunction should be denied.

///

---

[2] The Court notes that Plaintiff has now accumulated more than three strikes as follows: Gonzales v. Vikjord, 1:06-cv-01568-OWW-WMW PC (dismissed 07/08/2008 for failure to state a claim); Gonzales v. Yamat, 1:05-cv-00550-AWI-DLB PC (dismissed 08/15/2008 for failure to state a claim and failure to obey a court order); Gonzales v. Fresura, 1:07-cv-00565-OWW-GSA PC (dismissed 04/24/2009 for failure to state a claim); and Gonzales v. Price, 1:07-cv-01391-AWI-SMS PC (dismissed 2/18/2010 for failure to state a claim).

V.      **Conclusion and Recommendation**

Defendants have set forth no argument that Plaintiff was precluded from proceeding in forma pauperis under 28 U.S.C. 1915(g) at the time he filed the instant action. Defendants' argument that Plaintiff is precluded from proceeding under section 1915(g) based on dismissals that occurred *after* the instant action was filed is without merit.

Plaintiff's motion for an injunction should be denied as he would be unable to succeed on the merits, as his mail is being returned due to being addressed to the incorrect address.

Based on the foregoing it is HEREBY RECOMMENDED that:

1. Defendants' motion for dismissal, filed June 1, 2010, be denied, with prejudice; and
2. Plaintiff's motion for an injunction, filed July 22, 2010, be denied, with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 28, 2010

UNITED STATES MAGISTRATE JUDGE

4