# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.　1:07-cv-01391-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS<br><br>(ECF Nos. 38, 39, & 43)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.　PROCEDURAL HISTORY**

　　Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original Complaint filed on September 21, 2007 against Defendants Price, Frescura, Vikjoid, Castro, and Pinzon for First Amendment violations (retaliation and mail interference).  (ECF Nos. 1, 12, & 15.)

　　Pending before the Court are three Motions requesting injunctive relief, filed February 7, 2011, April 13, 2011, and April 29, 2011.  (ECF Nos. 38, 39, & 43.)

1

## II. MOTION FOR INJUNCTIVE RELIEF

In the February 7 Motion, Plaintiff alleges that prison officials (not Defendants) are putting antipsychotic medication in his food.

In the April Motions[1], Plaintiff alleges an excessive use of force by Defendant Price which occurred on March 30, 2011 and two other excessive use of force incidents by different prison officials (not Defendants).

## III. LEGAL STANDARDS

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction.  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth

---

[1] The April 29, 2011 Motion is almost an exact replica of the April 14, 2011 Motion. The arguments are exactly the same, word for word. There are additional attachments included with the April 14 Motion.

2

Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives <u>Winter</u> and continues to be valid. <u>Alliance for Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**IV.   ANALYSIS**

In the February Motion, Plaintiff makes allegations against individuals tainting his food. Neither the individuals named in that Motion nor the allegations against them are included in this action. In the April Motions, Plaintiff makes allegations against Defendant Price and other prison officials about using excessive force. Neither the other prison officials nor the use of excessive force are included in this action.

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief. To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not addressed any of the legal requirements to meet the standard. He does not state anything about the merits of

this action, does not refer to any irreparable harm, the balance of equities, or the public good.

Furthermore, any relief granted by the Court regarding these allegations would not remedy any of the claims upon which this action proceeds.  Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff.

## V.     CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    July 14, 2011

UNITED STATES MAGISTRATE JUDGE