1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | CASE NO.   1:07-cv-01391-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| PRICE, et al., | (ECF Nos. 49) |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.   PROCEDURAL HISTORY**

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original Complaint filed on September 21, 2007 against Defendants Price, Frescura, Vikjoid, Castro, and Pinzon for First Amendment violations (retaliation and mail interference).  (ECF Nos. 1, 12, & 15.)

Pending before the Court is a Motion requesting injunctive relief, filed July 15, 2011. (ECF No. 49.)

///

1

## II.    <u>LEGAL STANDARDS</u>

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  <u>See</u> Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction.  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives <u>Winter</u> and continues to be valid.  <u>Alliance for Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits.  <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm

1
2   the court finds requires preliminary relief, and be the least intrusive means necessary to

    correct the harm." 18 U.S.C. § 3626(a)(2).
3
4   **III.   ANALYSIS**

5           In the Motion, Plaintiff makes allegations against Defendant Price putting
6   antipsychotic drugs in his food and threatening Plaintiff.  Plaintiff makes allegations against
7   other prison officials about using excessive force.  Neither the other prison officials nor the
8   use of excessive force are included in this action.

9           The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal
10  standards required to be granted injunctive relief.  To succeed on such motion, Plaintiff
11
12  must establish that he is likely to succeed on the merits, that he is likely to suffer
13  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
14  favor, and that an injunction is in the public interest.  Plaintiff has not addressed any of the
15  legal requirements to meet the standard.  He does not state anything about the merits of
16  this action, does not refer to any irreparable harm, the balance of equities or the public
17  good.
18
19  **IV.   CONCLUSION**

20          Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion
21  for injunctive relief be DENIED.

22          These Findings and Recommendations will be submitted to the United States
23  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
24
25  636(b)(1).   Within  thirty  (30)  days  after  being  served  with  these  Findings  and
26  Recommendations, plaintiff may file written objections with the court.  The document
27

                                                    3

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
Plaintiff is advised that failure to file objections within the specified time may waive the right
to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    September 2, 2011

UNITED STATES MAGISTRATE JUDGE

4