**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO: 1:07-cv-01391-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION AS BARRED BY RES JUDICATA AND FOR RULE 11(b)(3) VIOLATION |

**I. Procedural Background**

On September 21, 2007, Michael Gonzales ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged claims of retaliation, involuntary medication, theft of novels and drawings, refusal to mail correspondence and art, and denial of showers. Doc. 1. On December 2, 2009, the Court ordered Plaintiff to amend his complaint or notify the Court of willingness to proceed on the two cognizable claims, *i.e.*, retaliation and refusing to mail correspondence and art. Doc. 8. On February 16, 2010, Plaintiff agreed to proceed on only the cognizable claims. Doc. 10.

Upon review of the complaint, the Court finds that this action is substantively identical to the prior complaint that Plaintiff filed on April 12, 2007, *Gonzales v. Fresura, et al.*, 1:07-cv-00565-OWW-GSA, which was dismissed with prejudice on April 24, 2009, for failure to state a claim. Additionally, in Plaintiff's complaint, he listed five prior lawsuits, which contradicts Court records demonstrating that Plaintiff has filed at least twenty-five prior actions.

## II. Res Judicata

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (*res judicata*) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . . " *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("*Res judicata* precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of *res judicata*. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

### III. Analysis

### A. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202.

On September 21, 2007, Plaintiff filed the complaint in the instant case, alleging claims against correctional officers Price, K. Frescure, B.S. Vikjord, M. Castro, and R. Pinzon for "intentional retaliation and complete denial of personal mail." Pl. Compl. at 4, Doc. 1. Plaintiff states that "this has been a [sic] issue for several years and I did file other claims." *Id.* at 5. Plaintiff alleges that on October 7, 2006, he confronted Defendant Pinzon about his mail. *See id.* at 6. As relief, Plaintiff seeks a permanent and preliminary injunction prohibiting Defendants from harassing, threatening, or retaliating against Plaintiff and for punitive and compensatory damages. *See id.* at 14.

Prior to filing the complaint in the instant case, on April 12, 2007, Plaintiff filed *Gonzales v. Fresura, et al.*, 1:07-cv-00565. In that action, Plaintiff alleged that Price, K. Frescura,[1] Vikjord, Castro, Weaver, Mallory, F. Yamat, and J. Munoz[2] alleging "officers deny me all legal personal mail

---

[1] Plaintiff spells Defendant K. Frescura's name in various ways, but he does spell his name as "K. Frescura" in both complaints. *See Gonzales v. Fresura, et al.*, 1:07-cv-00565, Pl. Compl at 4, Doc. 1; *see also Gonzales v. Price, et al.*, 1:07-cv-01391, Pl. Compl at 4, Doc. 1.

[2] Plaintiff also initially sued J. Munoz in the instant case, but on April 6, 2010, the Court dismissed the claims against J. Munoz. *See* April 4, 2010 Order, Doc. 15.

process medicate my meals[3] and deny me copies in retaliation for exercising my civil rights." *See Gonzales v. Fresura, et al.*, 1:07-cv-00565, Pl. Compl. at 3, Doc. 1. Plaintiff further alleged that "Officers K. Frescura, Vikjord, Price, and Castro have completely stopped my personal mail, consisting of art drawings, poems, letters to my family from leaving the facility they have been doing this since June of 2006 . . . For the past three weeks Officer Frescura and Vikjord have been denying me mail to the court. Officer Frescura threatens never to mail by refusing to pick it up." *See id.* at 5. As relief, Plaintiff sought a "permanent and preliminary injunction that prohibits the defendants, their successors in office their agents et al. from censoring, harassing, threatening or assaulting Plaintiff for exercising his civil rights" as well as "punitive and compensatory damages." *See id.* at 6. In his complaint, Plaintiff alleged that he has exhausted his administrative remedies for "food medicating and obstruction of legal and personal mail that has never stopped it is continuous from 2000 to the present day." *See id.* at 7.

### B. Final Judgment on the Merits

On December 15, 2008, the Court dismissed the complaint in *Gonzales v. Fresura, et al.*, 1:07-cv-00565, providing Plaintiff with leave to amend or an opportunity to notify the Court of willingness to proceed on only the cognizable claims. Doc. 10. On January 15, 2009, Plaintiff filed a motion for extension of time to amend his complaint. Doc. 11. On January 22, 2009, the Court granted Plaintiff's motion for extension of time. Plaintiff failed to file an amended complaint or notify the Court of his willingness to proceed on only the cognizable claims, and on March 6, 2009, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to state a claim upon which relief may be granted. Doc. 13. Plaintiff did not file any objections, and on April 24, 2009, the District Judge adopted the Findings and Recommendations, dismissing the action with prejudice for failure to state a claim. Doc. 14.

---

[3] In the instant case, Plaintiff also alleged medicating his meals, which was found as not cognizable by the Court. *See Gonzales v. Price, et al.*, 1:07-cv-01391, Dec. 2, 2009 Order at 7-8, Doc. 8. In the prior case, Plaintiff made claims of stolen mail, manuscripts, and drawings. *See Gonzales v. Fresura, et al.*, 1:07-cv-00565, Pl. Compl. at 9, Doc. 1. Similarly, in the instant case, Plaintiff alleged stolen mail, manuscripts, and drawings, but the Court found these claims as not cognizable. *See Gonzales v. Price, et al.*, 1:07-cv-01391, Dec. 2, 2009 Order, Doc. 8 at 5-6.

The Court concludes that the instant case, 1:07-cv-01391 stems from the claims which were previously litigated against the Defendants in 1:07-cv-00565. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which *res judicata* applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002).

### C. Privity Between Parties

The named defendants in the instant case were also listed in the prior case, Price, K. Frescura, B.S. Vikjord, and M. Castro, with one exception, R. Pinzon. However, Defendant Pinzon is in privity with the other correctional officer defendants as an employee of the California State Prison in Corcoran. *See Nordhorn*, 9 F.3d at 1405; *see also Sunshine Anthracite Coal Co.*, 310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007). Moreover, Plaintiff was aware of Defendant Pinzon's actions at the time he filed the complaint in the prior case on April 12, 2007. In his September 21, 2007 complaint in the instant case, Plaintiff alleges that on October 7, 2006, he confronted Defendant Pinzon about his mail. *See* Pl. Compl. at 6, Doc. 1.

### IV. Rule 11(b)

In violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff falsely states in his complaint that he has only had five previous or pending lawsuits in addition to the instant case. Rule 11(b) (3) states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(3).

Contrary to Plaintiff's representation in his complaint, Plaintiff has filed twenty-five other civil suits prior to the filing of this action, many of which have similar allegations to the instant

case.[4] Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (*per curiam*) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11). A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that this current case, *Gonzales v. Price, et al.*, 1:107-cv-01391-AWI-GBC, is barred by *res judicata* and is merely duplicative of the previously dismissed suit for failure to state a claim (*Gonzales v. Fresura,*

---

[4] *Gonzales v. Rupert*, 3:94-cv-03944 (N.D. Cal.) (voluntary dismissal); *Gonzales v. Gomez*, 3:95-cv-01368 (N.D. Cal.) (voluntary dismissal); *Gonzales v. Cambra*, 3:96-cv-01872 (N.D. Cal.) (dismissed without prejudice); *Gonzales v. Cambra*, 3:96-cv-02044 (N.D. Cal.) (dismissed for failure to exhaust); *Gonzales v. Cambra*, 3:96-cv-02164 (N.D. Cal.) (dismissed with prejudice as to excessive force; dismissed without prejudice as to ineffective assistance of counsel and restoration of time claims); *Gonzales v. Cambra*, 3:96-cv-02532 (N.D. Cal.) (dismissed for failure to exhaust); *Gonzales v. Cambra*, 3:96-cv-02654 (N.D. Cal.) (dismissed for failure to exhaust); *Gonzales v. Cambra*, 3:96-cv-03343 (N.D. Cal.) (dismissed after court granted defendants' motion for summary judgment); *Gonzales v. Cambra*, 3:97-cv-00761 (N.D. Cal.) (Westlaw citation: 1997 WL 168544) "Plaintiff alleged his food has been tainted, his mail has been confiscated . . . These allegations are not new; they duplicate the allegations made in 96-2654 and 96-3343" (dismissed as duplicative with prejudice); *Gonzales v. Galaza*, 1:00-cv-06028 (E.D. Cal.) "Plaintiff sued sixty-three defendants claiming food poisoning, retaliation, and that he "never gets mail." Doc. 26 (dismissed for failure to state a claim); *Gonzales v. Galaza*, 1:00-cv-06959 (E.D. Cal.) "Plaintiff alleges that prison twenty-six prison officials are medicating his food illegally and stealing his mail." Doc. 18 (voluntary dismissal); *Gonzales v. Calderon*, 1:01-cv-05916 (E.D. Cal.) "Plaintiff alleged conspiracy, withheld mail, retaliation, involuntary medication, excessive force, stolen drawings against twenty-one defendants." Doc. 9 (voluntary dismissal); *Gonzales v. Tomlin*, 1:03-cv-05277 (E.D. Cal.) (voluntary dismissal); *Gonzales v. Recek*, 1:03-cv-05278 (E.D. Cal.) (voluntary dismissal); *Gonzales v. Recek*, 1:03-cv-05279 (E.D. Cal.) (dismissed for failure to obey court order); *Gonzales v. Tomlin*, 1:03-cv-05363 (E.D. Cal.) "Plaintiff named thirty-three correctional officers from Corcoran with complaints of medicated meals, stolen mail and artwork, verbal harassment, and excessive force." Doc. 31 (jury verdict for defense on only remaining cognizable claim of excessive force); *Gonzales v. Lampien*, 1:03-cv-06165 (E.D. Cal.) (dismissed for failure to obey court order); *Gonzales v. Urena*, 1:03-cv-06725 (E.D. Cal.) "Plaintiff alleged denial of meals in retaliation for filing lawsuits." Doc. 12 (dismissed for failure to obey court order); *Gonzales v. Gadsden*, 1:04-cv-05491 (E.D. Cal.) (dismissed for failure to state a claim); *Gonzales v. Yamat*, 1:05-cv-00550 (E.D. Cal.) (dismissed for failure to obey court order and failure to state a claim); *Gonzales v. Frescure*, 1:06-cv-01357 (E.D. Cal.) "Plaintiff alleged denial of meals in retaliation for filing lawsuits." Doc. 9 (dismissed for failure to prosecute); *Gonzales v. Vikjord*, 1:06-cv-01568 (E.D. Cal.) "Plaintiff alleged denial of showers." Doc. 8 (dismissed for failure to state a claim); *Gonzales v. Rodriguez*, 1:06-cv-01792 (E.D. Cal.) (dismissed for failure to exhaust); *Gonzales v. Fresura*, 1:07-cv-00565 (E.D. Cal.) (dismissed for failure to state a claim); *Gonzales v. Vikjord*, 1:07-cv-00675 (E.D. Cal.) "Plaintiff alleged excessive force, denial of medical care, retaliation." Doc. 8 (dismissed for failure to obey court order).

Case 1:07-cv-01391-AWI -GBC   Document 78   Filed 11/16/11   Page 7 of 7

*et al.*, 1:07-cv-00565-OWW-GSA). Thus, this action is also frivolous. *See Cato*, 70 F.3d at 1105 n.2. As Plaintiff is proceeding *in forma pauperis*, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismissal of the case. *See Anheuser-Busch, Inc.*, 69 F.3d at 348; *see also Warren*, 29 F.3d at 1389.

### V. Conclusion and Recommendation

The Court finds that the claims in the prior case of *Gonzales v. Fresura, et al.*, 1:07-cv-00565, involve the same transactional nucleus of facts and the same defendants as the claims of retaliation and refusal to mail correspondence and art in this instant action of *Gonzales v. Price, et al.*, 1:07-cv-01391. Therefore, the Court hereby RECOMMENDS that this action be DISMISSED WITH PREJUDICE as barred by *res judicata* and duplicative of *Gonzales v. Fresura, et al.*, 1:07-cv-00565-OWW-GSA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 16, 2011

UNITED STATES MAGISTRATE JUDGE